UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
DANA E. COMBS
GLENITA B. COMBS

CASE NO. 11-

DEBTOR(S)

**CHAPTER 13 PLAN
AND MOTIONS**

☒ Original    ☐ Amended    Date: July 12, 2011

**NOTICE TO CREDITORS:  This Plan may modify your rights.  If you oppose any provision of the plan you must file an objection with the Bankruptcy Court by the deadline fixed by the Court.  If you do not file a timely objection, you will have accepted the terms of the Plan, and the plan can be confirmed and the motions granted without further notice or hearing.**

*Reference to "Debtor" herein shall include both Debtors in a joint case.*

   I.    **PLAN PAYMENTS.** The Debtor shall pay to the Trustee *(check one)*:

☒  $42.00 through January 2013, the plan payment shall be $274 from February 2013 through plan completion.

☒  (*If checked*) Plan payments shall be made to the Trustee by Payroll Deduction:  (specify ☒ H or ☐ W in joint case)

   Employer Name: NACCO MATERIALS HANDLING GROUP
   Address: 1400 Sullivan Drive, Greenville, NC  27834
   and
   Phone Number:

**II. SECURED CLAIMS.**

**A. Secured Claims To Be Paid Through the Plan and Motion to Value Collateral.**

   1. **Pre-Confirmation Adequate Protection Payments.** Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Secured Creditor | Collateral Description | Pre-Confirmation Monthly Payment |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

   2. **Secured Claims Valued Under § 506.** The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the

1

claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Secured Value | Interest Rate* | Monthly Payment |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\* If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision in the plan.

    3. **Secured Claims Not Subject to Valuation Under § 506.** Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Interest Rate* | Monthly Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points.

    4. **Lien Retention.**  The holder of any allowed secured claim provided for by the plan shall retain a lien until the  earlier of the payment of the debt in full or discharge.

**B. Curing Defaults and Maintaining Payments on Mortgages and Other Secured Debts.**

    1. **Payments by Debtor.**  The Debtor shall pay each claim listed below, except any prepetition arrearage, by making payments directly to the Creditor according to the underlying contract.  Except as otherwise provided in the plan, any allowed claim for prepetition arrearages shall be paid through the plan in equal monthly payments until the amount of the arrearage as set forth in the Creditor's proof of claim has been paid in full.

| Secured Creditor | Collateral Description | Estimated Amount of Arrearage | Monthly Payment on Arrearage |
|---|---|---|---|
| **CHASE** | 516 Dorton Drive, Lancaster, KY | $3,000 | Pro rata |
| **CHASE** | 516 Dorton Drive, Lancaster, KY | 0.00 | Pro rata |
| | | | |
| | | | |

If the arrearage claim is to cure a default in an agreement that was entered into after October 22, 1994, no interest shall accrue or be paid on the claim.  With respect to all other agreements, the interest rate shall be the contract rate.

2. **Payments by Third Party**. The following claims, including any amount for prepetition arrearages, shall be paid by a non-filing third party making payments directly to the Creditor according to the underlying contracts.

| Secured Creditor | Collateral Description | Name of Party Making Payments | Relationship to Debtor |
|---|---|---|---|
| **Fifth Third** | **2001 Chevrolet Impala** | To be provided on request of Trustee or a Creditor. | |
| | | | |
| | | | |
| | | | |

**C. Surrender of Property.** The Debtor surrenders the following property. Upon confirmation the automatic stay and co-debtor stay are terminated as to the collateral being surrendered. No distributions shall be made to the secured creditor until an amended claim for the deficiency is filed and allowed. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description |
|---|---|
| | |
| | |
| | |
| | |
| | |

**D. Orders Granting Relief From Stay.** If at any time during the life of the plan an order terminating the automatic stay is entered, no further distributions shall be made to the Creditor until such time as an amended claim for any deficiency is filed and allowed. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

**E. Avoidance of Liens under 11 U.S.C. § 522(f).** The Debtor moves the Court to avoid the liens of the following creditors under 11 U.S.C. § 522(f). Except to the extent the plan provides otherwise, the allowed claims of such creditors shall be treated as general unsecured claims.

| Secured Creditor | Collateral Description |
|---|---|
| | |
| | |
| | |
| | |
| | |

**F. All Other Secured Claims.** An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

**III. PRIORITY CLAIMS.**

**A.** All claims entitled to priority under section 507 (including administrative expenses) shall be paid in full. Except to the extent the plan provides otherwise, all expenses entitled to administrative priority under section 507(a)(2) shall be paid in full prior to distribution to any other class of claims entitled to priority. All other classes of claims entitled to priority shall be paid concurrently on a pro rata basis.

**B. Trustee's Fee.** The percentage fee payable to the Trustee shall be paid before or at the time of each payment to creditors and other claimants. The Trustee is authorized to collect the statutory percentage fee at the time of distribution of pre-confirmation adequate protection payments. The percentage fee is fixed by the United States Trustee and cannot be modified by the plan.

**C. Attorney's Fee.** An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court. It is estimated that the amount of the attorney's fee to be paid through the plan is between $3,500.00.   The attorney's fee for Debtor's counsel shall be paid in full prior to distribution to the class of "All Other Secured Claims" described in paragraph II.F. above and any other class of priority claims.

**D. Domestic Support Obligations ("DSO").** Unless otherwise provided in the plan, any allowed unsecured claim for a pre-petition domestic support obligation shall be paid through the plan until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

**E. Tax Claims.** The allowed claim of any governmental entity for taxes shall be paid according to the proof of claim unless otherwise ordered by the Court.

## IV. UNSECURED CLAIMS.

**A. Minimum Amount Required for Distribution to Priority and Non-priority Unsecured Claims.** The minimum amount required for distribution to priority and non-priority unsecured claims shall be the greater of: (1) the projected disposable income for the applicable commitment period; (2) the amount required to satisfy the liquidation test; or (3) the amount required to pay priority claims in full.

**B. General Unsecured Claims.**

    1. The trustee shall calculate the "pool" amount available for distribution to unsecured creditors. Creditors holding general unsecured claims shall be paid on a pro rata basis to the greatest extent possible. No interest accruing after the date of the filing of the petition shall be paid on the claims of creditors holding unsecured claims.

    2. **Co-Signed Debts To Be Paid in Full.** The following creditors holding unsecured claims for which a non-filing debtor is also liable shall be paid in full, without interest, concurrently with other general unsecured claims.

| Creditor | Description of Claim | Co-Signer | Relationship to Debtor |
|---|---|---|---|
|  |  |  |  |
|  |  | To be provided on request of Trustee or a Creditor. | |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## V. LEASES AND EXECUTORY CONTRACTS.

**A. Rejection of Leases and Surrender of Property.** The Debtor hereby rejects the following leases and executory contracts and will surrender the leased property. In addition, any lease or executory contract not specifically assumed below is deemed rejected. Upon confirmation the automatic stay and co-debtor stay are terminated as to the leased property. No distributions shall be made to the creditor until an amended claim for any deficiency is filed and allowed. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

| Creditor | Description of Leased Property or Nature of Contract |
|---|---|

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**B**. **Curing Defaults and Retaining Leased Property.**  The Debtor shall pay the following unexpired leases or executory contracts, except any prepetition arrearage, by making payments directly to the Creditors according to the underlying contracts.  Unless otherwise provided in the plan or Court order, any allowed claim for prepetition arrearages relating to the lease or contract shall be paid through the plan concurrently with secured claims.

| Creditor | Description of Leased Property or Nature of Contract | Estimated Amount of Arrearages | Monthly Payment on Arrearage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**VI. GENERAL PROVISIONS.**

**A.**  An order of the Bankruptcy Court supersedes any provision of the plan which is in conflict with the order.

**B.**  Claims will be paid in accordance with the plan only to the extent funds are available.

**C.**  Claims of different classes may be paid concurrently if sufficient funds are available.  Each monthly plan payment will be applied first to pay the fixed monthly payments of creditors holding allowed secured claims.  Any funds remaining each month will be applied to pay the following classes of claims and expenses in the following order, with each class being paid in full prior to distribution to the next class: administrative expenses; the class of "all other secured claims"; all non-administrative priority claims; general unsecured claims.

**D.**  In the event this case was subject to the automatic dismissal provisions of section 521(i) but an order of dismissal had not been entered as of the date of confirmation, confirmation of the plan constitutes a reinstatement of the case.

**E.**  The trustee is authorized to extend the duration of the plan as necessary to pay allowed expenses and claims as provided in the plan; however, the plan may not provide for payments over a period that is longer than 5 years.

**VII. SPECIAL PROVISIONS.**

**A**.  The Debtor attaches hereto and incorporates herein the following amendments (check all that apply):

☐ Plan Payment Schedule

☐ Add Proceeds from Personal Injury or Other Cause of Action

☐ Add Proceeds from Sale of Property

☐ Add Proceeds from Inheritance or Other Right to Receive Income or Property

5

☒ Other

**B.** The Debtor proposes the following special provisions.

1. The Adequate Protection Payments under section II(A)(1) shall be paid to the creditors until the attorney fees are paid in full and then the secured claims will be paid under II(A)(2) and II(A)(3) and all other creditors.   The attorney fees will be paid from the first 26 months of full payments.

DATED:  July 12, 2011

/s/Dana E. Combs
DEBTOR

/s/Glenita B. Combs
DEBTOR

/s/Ryan R. Atkinson
ATTORNEY FOR DEBTOR

CERTIFICATE OF SERVICE

I certify that on the date shown below I mailed a copy of the Chapter 13 Plan, for the Debtor to the creditors listed on the matrix and to the Chapter 13 Trustee.

             ATKINSON, SIMMS
             & KERMODE PLLC

             By:/s/Ryan R. Atkinson
              1608 Harrodsburg Rd.
              Lexington, KY 40504
              (859) 225 – 1745

Date Mailed: July 12, 2011

6

Voluntary Addendum to Chapter 13 Plan

(A) **Scope: Consumer Debts Secured by a Mortgage on Real Property or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principal Residence**

    (1) For purposes of this Addendum, which is incorporated into the Debtor's Chapter 13 Plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing which real property or manufactured housing constitutes the debtor's principal residence.  The provisions of this Addendum are effective until the earlier of (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge and (d) entry of an order terminating the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

    (2) Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the Debtor pre-petition, the Mortgage Creditor must provide monthly statements to the Debtor. The monthly statements must contain as lest the following information concerning post-petition mortgage payments to be made outside the Plan.

        (a) The date of the statement and the date the next payment is due;

        (b) The amount of the current monthly payment

        (c) The portion of the payment attributable to escrow, if any;

        (d) The post-petition amount past due, if any, and from what date;

        (e) Any outstanding post-petition late charges;

        (f) The amount and date of receipt of all payments received since the date of the last statement;

        (g) A telephone number and contact information the Debtor or the Debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

      (h)      The proper payment address.

(3) No monthly statement will be required unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees). If a Mortgage Creditor does send a monthly statement to the Debtor and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4) If, pre-petition, the Mortgage Creditor provided the Debtor with "coupon books" or some other pre-printed, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section. However, the Mortgage Creditor must supply the Debtor with additional coupon books as needed or requested in writing by the Debtor. If a Mortgage Creditor does send a monthly statement to the Debtor and the statement complies with subsection (B)(2) below the Mortgage Creditor is entitled to the protections set out in such subsection.

(5) The Mortgage Creditor must provide the following information to the Debtor upon the reasonable written request of the Debtor:

    (a)    The principal balance of the loan;

    (b)    The original maturity date;

    (c)    The current interest rate;

    (d)    The current escrow balance, if any;

    (e)    The interest paid year to date; and

    (f)    The property taxes paid year to date, if any.

(6) The Mortgage Creditor must provide the following information to the Debtor and the Debtor's attorney and, when the Debtor is making ongoing mortgage or arrearage payments through the Chapter 13 Trustee, at least quarterly, and upon reasonable written request of the Debtor: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property

    inspection fees, servicing fees or appraisal fee; (b) the nature of the expense or charge; and (c) the date of the payment.

(7)    If the secured consumer debt payable to the Mortgage Creditor is not modified by or paid through the Plan and the Mortgage Creditor believes the debtor to be in default, the Mortgage Creditor must send a letter alleging such default to the Debtor and the Debtor's attorney upon any perceived or actual default by the Debtor and before taking any steps to modify the automatic stay.

(B)    **Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

(1)    For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the Debtor or the Debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the Debtor and the Debtor's attorney receiving the document, the address that the Debtor and the Debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Services or use of a similar commercial communications carrier.

(2)    To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the Debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to the inquiries and requests for information about the account from the Debtor and may send the Debtor statements, payment coupons or other correspondence that the Mortgage Creditor sends to its non-debtor customers, without violating the automatic stay. <u>In order for communication to be protected under this provision the communication must indicate it is provided for information purposes and does not constitute demand for payment.</u>

(3)    As a result of a Mortgage Creditor' alleged non-compliance with this Addendum, the Debtor may file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing the motion, the Debtor must make good faith attempts in writing to contact the Mortgage Creditor and to determine

   the cause of any non-compliance, and must indicate in the Motion for Order to Show Cause the good faith steps taken, together with a summary description of any response provided by the Mortgage Creditor.

(4) If a Mortgage Creditor's regular billing system can provide a statement to the Debtor that substantially complies with the Addendum, but does not fully conform to all of its requirements, the Mortgage Creditor may request that the Debtor accept such a statement. If the Debtor declines to accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the Debtor, the Debtor's attorney and the Chapter 13 Trustee, seeking a declaration of the Court that cause exists to allow such non-confirming statements to satisfy the Mortgage Creditor's obligations under this Addendum. For good cause shown, the Court may grant a waiver of purposes of this case and for either a limited or unlimited period of time.